UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUGUSTINE A. WALKER,

                Plaintiff,

      v.

SEATTLE HOUSING AUTHORITY,

                Defendant.

NO. C04-1021JLR

COURT'S INSTRUCTIONS

DATED this 29th day of June, 2005.

s/James L. Robart

_____
JAMES L. ROBART
United States District Judge

## INSTRUCTION NO. 1
### Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO. 2**
**What is Evidence**

The evidence from which you are to decide what the facts are consists of:
1.      the sworn testimony of any witness;
2.      the exhibits which have been received into evidence; and
3.      any facts to which the lawyers have agreed or stipulated.

**INSTRUCTION NO. 3**
**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have state them, you memory of them controls.

2.     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 4**
**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 5**
**Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. 6
### Stipulations of Fact

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**INSTRUCTION NO. 7**
**Credibility of Witness**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;
2.    the witness' memory;
3.    the witness' manner while testifying;
4.    the witness' interest in the outcome of the case and any bias or prejudice;
5.    whether other evidence contradicted the witness' testimony;
6.    the reasonableness of the witness' testimony in light of all the evidence; and
7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO. 8**
**Corporations and Partnerships – Fair Treatment**

All parties are equal before the law and a public housing authority is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 9**
**Liability of Corporations – Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO. 10**
**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 11**
**Race Discrimination – Disparate Treatment**

The Plaintiff has brought a claim of employment discrimination against the Defendant.  The Plaintiff claims that her race was the motivating factor for the Defendant's decision to discharge her or to take any other adverse employment action against her.  The Defendant denies that Plaintiff's race was the motivating factor and claims that its decision to discharge Plaintiff, or to take any other adverse employment action against Plaintiff, was based upon a lawful reason.

**INSTRUCTION NO. 12**
**Adverse Employment Action**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

## INSTRUCTION NO. 13
## Disparate Treatment – "Motivating Factor"

As to the Plaintiff's claim that her race was a motivating factor for the Defendant's decision to discharge her, or to take another adverse employment action against her, the Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.   Defendant discharged Plaintiff, or took another adverse employment action against her; and

2.   Plaintiff's race was a motivating factor in Defendant's decision to discharge her, or to take another adverse employment action against her.

If Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.  If Plaintiff has proved both of these elements, the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason.  The Plaintiff is entitled to monetary damages if you find that the Defendant's decision was motivated both by race and a lawful reason, unless the Defendant proves by a preponderance of the evidence that the Defendant would have made the same decision even if the Plaintiff's race had played no role in the employment decision.

**INSTRUCTION NO. 14**
**Age Discrimination – Disparate Treatment**

The Plaintiff seeks damages against the Defendant for discharge based on age discrimination in violation of federal law. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      the Plaintiff was discharged;
2.      the Plaintiff was 40 years of age or older at the time of discharge;
3.      the Plaintiff was performing the job satisfactorily;
4.      the Plaintiff was replaced by a substantially younger person with equal or inferior qualifications; and
5.      the Plaintiff's age was the determining factor in the Defendant's decision to discharge the Plaintiff; in other words, the Defendant would not have made the same decision but for the Plaintiff's age.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

**INSTRUCTION NO. 15**
**Damages**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on her *race discrimination* claim, you must determine the Plaintiff's damages.  Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. You should consider the following:

- *Emotional Distress Damages* – the emotional pain and suffering Plaintiff experienced, and with reasonable probability Plaintiff will experience in the future.
- *Back Pay* – the reasonable value of pay and employee benefits Plaintiff lost from the date Defendant discharged Plaintiff to the date of trial.
- *Front Pay* – the reasonable value of pay and employee benefits which with reasonable probability Plaintiff will lose in the future.

If you find for the Plaintiff on her *age discrimination* claim, you must determine the Plaintiff's damages.  You should consider the following:

- *Back Pay* – the reasonable value of pay and employee benefits Plaintiff lost from the date Defendant discharged Plaintiff to the date of trial.  You must deduct any severance pay and pension benefits received after the discharge.  If the Defendant proves by a preponderance of the evidence that Plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to Plaintiff, or failed to make reasonable efforts to find a new job, you should subtract from these damages any amount Plaintiff could have earned in a new job after the discharge.
- *Front Pay* – the reasonable value of pay and employee benefits that Plaintiff will lose in the future with reasonable probability.  You must deduct from any front pay any wages or other earnings and employee benefits Plaintiff would receive after the date of trial using reasonable mitigation efforts.

The Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 16
### Mitigation of Damages

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.    that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**INSTRUCTION NO. 17**
**Damages Arising in the Future - Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages, such as pain and suffering, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

**INSTRUCTION NO. 18**
**Willful Age Discrimination – Damages**

If you find the Plaintiff is entitled to recover compensatory damages on her age discrimination claim, you must determine if the Defendant's conduct was willful. The Plaintiff has the burden of proving willfulness by a preponderance of the evidence.

A Defendant's conduct is willful if the Defendant knew or showed reckless disregard for whether the Plaintiff's discharge was prohibited by the law.

If you find that the Defendant willfully violated the law, the Plaintiff is entitled to double damages. This means that the court would award the damages you have calculated plus an equal amount as liquidated damages.

**INSTRUCTION NO. 19**
**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO. 20**
**Communication With the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 21**
**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 22**
**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.